UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:

MURAVIOU, MICHAEL,

        Debtor.

_____/

Case No. 08-65785

Chapter 7

Hon. Walter Shapero

## OPINION REGARDING TRUSTEE'S OBJECTION
## TO DEBTOR'S CLAIM OF EXEMPTIONS

The matter before the Court is Trustee's objection to Debtor's amended claim of exemption of his 2008 federal and state tax refunds.

### I. Background

Michael Muraviou ("Debtor") first met with his attorney in February 2008 to discuss the possibility of filing for bankruptcy. At that meeting, Debtor provided some information and was given a list of additional information and documentation he would need to provide. Debtor indicated that he was entitled to 2007 tax refunds (although his 2007 federal and state tax returns had not yet been filed). As time passed, Debtor gradually supplied the additional information and documentation requested and his attorney input that information into his computer to await Debtor's final decision regarding filing. In September or October 2008, Debtor was served with a complaint and summons in a suit commenced by Chrysler relating to a previously returned vehicle. Apparently that lawsuit precipitated Debtor's decision to file a Chapter 7 petition, which he did on October 22, 2008. Debtor testified that while at that time he quickly reviewed his Schedules as he was signing them, he more thoroughly reviewed his Statement of Financial Affairs. Debtor's originally prepared Schedules B & C listed and exempted his 2007 federal and

state refunds. However, those Schedules were not updated as of the time of filing to include potential 2008 tax refunds. Soon after the filing, the Trustee, as is his norm, directed the Internal Revenue Service to forward the Debtor's 2008 federal income tax refund, if any, to the Trustee. The 341 meeting was held on February 12, 2009. On March 12, 2009, Debtor amended his bankruptcy schedules to disclose and exempt 2008 federal and state tax refunds in the amounts of $5,800.00 and $1,300.00 respectively. On March 19, 2009, Trustee filed Objections to those Amended Exemptions.

Trustee contends that Debtor's failure to disclose the potential 2008 tax refunds on his originally filed Schedules amounted to a bad faith attempt to conceal that asset, precluding the exemption. The Trustee points to the following as indications of Debtor's bad faith: (1) Debtor's varying testimony regarding his personal monthly income; (2) Debtor's failure to list income received from a live-in girlfriend who contributed to household expenses; (3) Debtor's inability to give specifics regarding a $20,000.00 CD, namely: when he inherited it, when he cashed it in, how and when he spent the proceeds, specifics regarding transfers to his daughter, which he said were "for tuition" (although later testimony showed that she used the money for books and support while attending community college, not for tuition) and to his brother from the proceeds of the CD, and whether or not he used some of those proceeds for gambling; (4) Debtor's evasiveness at the 341 meeting in not knowing where and when he was previously married and whether he was legally divorced; and (5) Debtor's admission that he did not carefully review his Schedules just prior to actually signing and filing them. Debtor contends that (1) his failure to disclose his expected 2008 tax refund was essentially an oversight, a scrivener's error ("2007" instead of "2008") that was not caught by him or his attorney and (2) his inability to account for

specific details regarding the CD when questioned by the Trustee was due to his inability understand the questions asked of him and an inability to communicate with sufficient clarity.

## II. Discussion

Another Judge of this Court has dealt with the failure to schedule a tax refund and a claim of exemption for such refund. *See In re Colvin*, 288 B.R. 477 (Bankr. E.D. Mich. 2003). In *Colvin*, the Court recited the imperative duty imposed on a debtor in bankruptcy to disclose all assets to the bankruptcy court in order to facilitate the proper administration of the estate. *Id*. The Court applied a "totality of the circumstances" test to determine whether the circumstances of the concealment demonstrated bad faith on the part of the debtor, resulting in either allowance or disallowance of the exemption. *Id*. This Court agrees with the law and reasoning as articulated in the *Colvin* opinion.

However, in *Colvin*, the Court decided in favor of the trustee, but under noted factual circumstances cited as a basis for its conclusion which importantly differ from those in this case. In *Colvin*, the tax return showing the anticipated refund was filed shortly before the bankruptcy petition. Here, it was filed after. The Court also finds the fact that the Debtor disclosed his 2007 refunds to his attorney and included them on his original schedules significant. That fact, to some extent, works against a conclusion that the debtor was attempting to conceal the refund (as opposed to the more usual case where a refund is not mentioned in the original schedules). Also, in *Colvin*, the debtors again failed to disclose the right to the tax refund at the 341 meeting. Here, the refund was disclosed after Debtor's counsel noticed the inaccuracy at the 2004 exam conducted by the Trustee. What happened here was not a scrivener's error, as Debtor suggests. Rather, the problem in part arose from (1) the substantial hiatus between the original

3

consultation with counsel and the originally prepared schedules and the time the case was actually filed and (2) a crucial, but imperfectly or incompletely addressed process of probing for, asking about, and updating the information before the actual filing of the bankruptcy case. That was not true in the *Colvin* case.

Debtor's Schedules were correct at the time they were actually prepared in that they fully disclosed Debtor's 2007 refunds an assets of the estate. At its core, the problem here is attributable as much, if not more, to the failures of the attorney than to those of the Debtor - though neither is blameless. Arguably, the attorney should bear much of the responsibility since, even if the case was filed in early 2008 when the schedules were initially prepared, not only Debtor's 2007 refund but also a reasonably anticipatory 2008 refund, should have been listed on Schedule B. If that had occurred, even if the case was not filed until October and the schedules were not properly updated, there would have been no problem because the 2008 refund would have appeared on the Schedules as filed, rather than being the subject of a later amendment precipitating essentially unnecessary and readily avoidable litigation.

As noted, the result turns on whether the totality of the circumstances demonstrates bad faith or concealment; the latter going beyond the fact of a scheduling omission or inaccuracy, but requiring such to have been either sufficiently knowingly intentional or the result of a cavalier and reckless intention (to use the words of the Court in *Colvin*). *Id*. at 482. Concealment for purposes of the issues in this case essentially involves an affirmative act intended or known to be likely to keep another from learning of a fact of which he would otherwise have learned, or, an affirmative suppression with an intent to deceive of a material fact one is obligated to reveal. It involves a level of scienter and deception that the Court has concluded the trustee simply has not
4

shown in this case, insofar as the 2008 refunds are concerned. It is also clear enough that despite Debtor's inability to answer certain questions with the specificity desired by the Trustee at the 341 meeting and 2004 examination, Debtor did not intentionally attempt to conceal them.

### III. Conclusion

Accordingly, the Trustee's objection is denied. Debtor shall prepare an appropriate order.

n.

**Signed on December 29, 2009**

                                         **/s/ Walter Shapero**
                                         **Walter Shapero**
                                         **United States Bankruptcy Judge**

5

08-65785-wsd    Doc 33    Filed 12/29/09    Entered 12/30/09 07:30:34    Page 5 of 5